**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4289**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

PATRICIA LEMLY ELLIOTT, a/k/a Patty Sandford Ferrara,

                    Defendant – Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (1:03-cr-00027-LHT-4)

Submitted:  December 11, 2008      Decided:  December 15, 2008

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carol Ann Bauer, Morganton, North Carolina, for Appellant.  Adam
Christopher Morris, OFFICE OF THE UNITED STATES ATTORNEY,
Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patricia Lemly Elliott pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute methamphetamine and marijuana and was sentenced to 72 months of imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether Elliott received ineffective assistance of trial counsel; (2) whether the Government committed prosecutorial misconduct; and (3) whether Elliott was erroneously sentenced. For the reasons that follow, we affirm.

Elliott's claims that she received ineffective assistance at her plea and sentencing hearings are belied by the record. Moreover, we find no ineffective assistance conclusively appearing on the record, as required to establish the claim on direct appeal. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003).

Next, Elliott claims that the prosecutor committed misconduct by telling her that if she did not pled guilty, the Government would pursue a twenty-year sentence against her. We note that a prosecutor is allowed to threaten a defendant with increased punishment if a defendant refuses to accept a plea agreement. Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978). Based on Elliott's prior drug felony and the Government's

18 U.S.C. § 851 (2006) notice, Elliott was eligible for a twenty-year minimum sentence. See 18 U.S.C. § 841(b)(1)(A) (2006). Thus, this claim fails.

Finally, we do not find that the district court abused its discretion in sentencing Elliott. Gall v. United States, 128 S. Ct. 586, 596-97 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). In particular, we find no error in the calculation of her criminal history. See U.S Sentencing Guidelines Manual § 4A1.1 comment. (n.3) (2003) (counting criminal history points based on prior sentences occurring within ten years of commencement of the instant offense).

In accordance with Anders, we have reviewed the entire record in this case, including the issues raised in Elliott's pro se supplemental brief, and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED